Judgment for the United States of America.

## UNITED STATES v. 7 CARTONS OF WEARING APPAREL.

### No. 189.

District Court, S. D. Texas,
Brownsville Division.

Sept. 28, 1943.

778

Douglas W. McGregor, U. S. Atty., W. Fred Leigh, Asst. U. S. Atty., of Houston, Tex., and Charles C. Bowie, Asst. U. S. Atty., of Brownsville, Tex., for plaintiff.

J. T. Canales and O. B. Garcia, both of Brownsville, Tex., for claimant.

KENNERLY, District Judge.

This is a suit by the United States of America under the Act of June 15, 1917, 40 Stat. 224 et seq., as amended, Sections 401 to 410, Title 22 U.S.C.A., to condemn the following synthetic merchandise: 453 ladies' rayon slips, "Nancy Lee", lace edged; 636 ladies' rayon slips, "Randolph Maid", lace edged; 469 ladies' rayon and lace slips; 192 ladies' rayon and lace night gowns; 180 ladies' rayon and lace panties; 36 pairs men's cotton and rayon socks.

Also to condemn the following merchandise: 78 ladies' elastic girdles.

Such merchandise was seized August 21, 1942, thereafter this libel was filed, Section 404, Title 22 U.S.C.A., and Guadalupe Perez Gonzalez has intervened and is claiming same. No evidence has been offered by the parties, and the case has been tried wholly on a Stipulation as follows:

"(a) It is agreed that the merchandise described in the libel filed herein is made of the materials therein set out.

(b) Said merchandise was shipped from Dallas, Texas, to Escobar, Texas, and then transported to the home of Pedro Moreno, in Starr County, Texas.

(c) That at the time the merchandise involved in this libel was detained by the officers, it was stored at the home of Pedro Moreno in Starr County, Texas; that it was the intention of the claimants of said merchandise later to take all of said merchandise from the United States into Mexico through a place other than a designated port of exit."

1. Section 401, Title 22 U.S.C.A., under which this merchandise was seized, provides for seizure and for forfeiture only in the event an attempt was being made to export same in violation of law. The Government contends that the persons mentioned in the stipulation were at the time of the seizure attempting to export same in violation of the Act of July 2, 1940, 54 Stat. 712 et seq., and the Act of June 30, 1942, 56 Stat. 463, 50 U.S.C.A.Appendix, § 701, and Regulations promulgated thereunder.[1] Claimant combats this view. All the questions he raises are disposed of adversely to claimant in opinions in United States v. Eight Automobiles, D. C., 53 F.Supp. 775, and United States v. Two Hundred Fifty One Ladies Dresses, etc., D.C., 53 F.Supp. 772 to which I refer.

From what has been said, it follows that judgment should be entered for the Government.